Drew R. Hansen, Esq. (State Bar No.218382)
dhansen@tocounsel.com
Seth M. Goldstein, Esq. (State Bar No.232071)
sgoldstein@tocounsel.com
THEODORA ORINGHER PC
535 Anton Boulevard, Ninth Floor
Costa Mesa, California 92626-7109
Telephone: (714) 549-6200
Facsimile: (714) 549-6201

Attorneys for C.R. ENGLAND, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR CASTRO, on behalf of himself and those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>C.R. ENGLAND, INC.,<br><br>Defendant. | Case No. 5:18-cv-00655-CBM-JEM<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL INDIVIDUAL ARBITRATION AND STAY PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Filed Concurrently with Declaration of Tiffany Guthrie In Support of Motion<br><br>Date: July 3, 2018<br>Time: 10:00 a.m.<br>Crtrm: 8B<br><br>Action Filed: March 29, 2018<br>Trial Date: None Set |

**TO PLAINTIFF AND HIS COUNSEL OF RECORD**:

PLEASE TAKE NOTICE that on July 3, 2018, at 10:00 a.m. or as soon thereafter as the Court may allow, in Courtroom 8B of the above-captioned Court, located at 350 W. 1st Street, Los Angeles, California 90012, defendant C.R. England, Inc. will move for an order compelling individual arbitration of the claims asserted by plaintiff Salvador Castro and staying further proceedings in this action pending the conclusion of such individual arbitration.

This motion is made pursuant to Rule 12(b)(1), (3) and/or (6) of the Federal Rules of Civil Procedure,[1] and Sections 3 and 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3 & 4. This motion will be based upon this notice of motion, the attached memorandum of points and authorities, the Declaration of Tiffany Guthrie and exhibits thereto in support thereof, the pleadings and papers on file in this action, those matters of which the Court can take judicial notice, and such other evidence and argument as the Court may consider at the hearing on this matter.

This motion is made following a conference of counsel, which took place via telephone on May 1, 2018.

DATED: June 5, 2018

Respectfully submitted,

THEODORA ORINGHER PC

By: _/s/ Seth M. Goldstein_
Drew R. Hansen
Seth M. Goldstein
Attorneys for Defendant C.R. ENGLAND, INC.

---

[1] Federal courts across the country have concluded that a motion to enforce an arbitration clause may properly be brought pursuant to FRCP 12(b)(1), (3) and/or (6).

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant C.R. England, Inc. ("C.R. England") hereby moves to compel individual arbitration of the claims asserted by Plaintiff Salvador Castro ("Plaintiff") in this action.

In his complaint, Plaintiff asserts various claims arising from or in connection with his employment, including a claim under the Fair Labor Standards Act ("FLSA"), which he erroneously purports to bring under the statute's collective-action provision. However, Plaintiff's complaint improperly ignores the Agreement and Acknowledgement of Receipt of Alternative Dispute Resolution Policy he entered into with C.R. England in January 2015. In that Agreement, Plaintiff "agreed to submit to final and binding arbitration … an[y] dispute between [himself] and [C.R. England] arising out of or related to the employment or the creation or termination of [his] employment, that in any way relate to an asserted violation of state, federal or local law" and that "[a]rbitration is the exclusive remedy for all such disputes." Plaintiff further agreed that any such dispute "shall be pursued on **an individual as opposed to any class wide or representative basis**" and "specifically **waive[d] any right to pursue claims hereunder on a class wide or representative basis**." Because the evidence establishes the existence of a valid, enforceable agreement to arbitrate the disputes alleged in this lawsuit, C.R. England's motion should be granted and Plaintiff's claims ordered to final and binding individual arbitration.

## I. STATEMENT OF RELEVANT FACTS

### A. Background

C.R. England is a Utah corporation headquartered in Salt Lake City, Utah. [Declaration of Tiffany Guthrie ("Guthrie Decl.") ¶ 2.] The company specializes in transporting its customers' temperature-sensitive freight (such as fresh produce, meat, dairy products, beverages and chemicals) by tractor-trailer from pick-up point to ultimate destination throughout the United States. [*Id.* ¶ 3; ECF No. 1 ¶¶ 16-17.]

### B.    Plaintiff's Agreement To Arbitrate

C.R. England hired Plaintiff in January 2015. [Guthrie Decl. ¶ 4.] On or about January 9, 2015, Plaintiff entered into an Agreement and Acknowledgement of Receipt of Alternative Dispute Resolution Policy ("Agreement") with C.R. England, which provides for binding individual arbitration of all disputes between the parties arising out of or related to Plaintiff's employment with C.R. England. [*Id.* ¶ 5 & Ex. 1.] In the Agreement he voluntarily signed, Plaintiff specifically agreed to the following:

> I acknowledge that in the event an employment dispute arises between myself and CR England (hereinafter referred to as 'Company'), the parties involved will make all efforts to resolve these disputes through informal means. If these informal attempts at resolution fail, the parties involved will submit the dispute to final and binding arbitration, if the dispute arises out of or is related to the employment, or the creation or termination of employment or any alleged discrimination, retaliation or sexual or unlawful harassment. Such arbitration is the exclusive remedy for both the Company and myself. …
>
> I also acknowledge that by accepting or continuing in employment with the Company I agree to submit to final and binding arbitration, pursuant to the Company's Alternative Dispute Resolution Policy, an[y] dispute between me and the Company arising out of or related to the employment or the creation or termination of my employment, that in any way relate to an asserted violation of state, federal or local law. Arbitration is the exclusive remedy for all such disputes; no other action may be brought in any other forum except actions to compel arbitration or applications for any provisional or injunctive remedy which can be sought in connection with an arbitrable controversy to preserve the effectiveness of arbitration as authorized by applicable law. THIS AGREEMENT IS A WAIVER OF ALL RIGHTS TO A CIVIL COURT ACTION AND A WAIVER OF YOUR CONSTITUTIONAL RIGHT TO TRIAL BY JURY FOR A DISPUTE RELATING TO MY EMPLOYMENT, OR THE CREATION OR TERMINATION OF EMPLOYMENT, DISCRIMINATION, RETALIATION, OR ALLEGED SEXUAL OR UNLAWFUL HARASSMENT; ONLY THE ARBITRATOR, NOT A JUDGE OR JURY, WILL DECIDE THE DISPUTE.
>
> I understand this agreement to arbitrate is intended to be broad and to

>cover, to the extent permissible by law, all controversies between CR England and its employees, which arise out of or are related to the employment, or creation or termination of employment, if the controversy involves an alleged violation of state, federal or local law. The types of claims covered by this Agreement include, but are not limited to: any alleged discrimination, constitutions, statutes or regulations; claims based on any purported breach of contractual obligation, including breach of the covenant of good faith and fair dealing; and claims based on any purported breach of duty arising in tort, including fraud, misrepresentation, or violations of public policy.

[*Id*. Ex. 1.] In addition, Plaintiff agreed "that any claim or controversy arising out of or relating to the employment relationship and pursuant to this clause or agreement, shall be pursued **on an individual as opposed to any class wide or representative basis.**" [*Id.* (emphasis added).] The Agreement further reiterates in other locations that group-wide claims are not allowed by stating that Plaintiff agreed "**not to pursue any claim as a representative of any group or class**", and "specifically **waive[d] any right to pursue claims hereunder on a class wide or representative basis**."[2] [*Id.*]

### C. Plaintiff's Complaint

On March 29, 2018, Plaintiff filed his complaint against C.R. England, asserting (1) a claim for violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, on behalf of himself and a putative nationwide class of customer service representatives under the statute's collective action provision; (2) several individual claims for violation of the California Labor Code (i.e., allegations regarding failure to pay overtime wages, failure to provide required meal and rest periods, failure to pay wages due and owing in a timely basis upon termination of employment, etc.); and (3) an individual claim for violation of the California Business & Professions Code based on the alleged violations of the FLSA and the Labor Code. [ECF No. 1.]

---

[2] Opt-in Plaintiff Heather Casper likewise signed an arbitration agreement that requires her to litigate any claims she may possess against C.R. England individually in arbitration. [Guthrie Decl. ¶ 7 & Ex. 2.]

## II. PLAINTIFF'S CLAIMS MUST BE COMPELLED TO INDIVIDUAL ARBITRATION

Under the Federal Arbitration Act ("FAA"), a written agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Act "requires courts 'rigorously' to 'enforce arbitration agreements according to their terms, including terms that specify with whom the parties choose to arbitrate their disputes and the rules under which that arbitration will be conducted.'" *Epic Sys. Corp. v. Lewis*, 584 U.S. ___, slip op. at 5-6 (2018) (quoting *American Express Co. v. Italian Colors Restaurant*, 570 U.S. 228, 233 (2013)). Thus, "[t]he court's role under the [FAA] is. . . limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citing 9 U.S.C. § 4). "[U]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed with arbitration in accordance with the terms of the agreement." 9 U.S.C. §4 (emphasis added); *see also Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 720 (9th Cir. 1999). Because Plaintiff agreed in writing to arbitrate certain disputes with C.R. England on an individual basis and the claims asserted in his complaint fall within the scope of that Agreement, the Court must order Plaintiff's claims to individual arbitration.

### 1. Plaintiff Entered Into A Written Agreement To Arbitrate

Plaintiff voluntarily entered into an agreement with C.R. England regarding resolution of covered disputes. [Guthrie Decl. ¶ 5 & Ex. 1.] The parties agreed they would first try to resolve a covered dispute by informal means. If that failed, the parties agreed to submit the dispute to final and binding arbitration. The parties further agreed that "[a]rbitration was [was] the exclusive remedy for all such disputes; no other action may be brought in any other forum except actions to compel arbitration or applications for any provisional or injunctive remedy which can be sought in connection with an

arbitrable controversy to preserve the effectiveness of arbitration as authorized by applicable law." [*Id.*] Accordingly, there is no dispute that Plaintiff is bound by a written Agreement to arbitrate.

### 2. The Agreement Encompasses Plaintiff's Claims

Based on the mandates of the FAA, courts have consistently enforced arbitration agreements arising out of employment relationships. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 123 (2001) ("We have been clear in rejecting the supposition that the advantages of the arbitration process somehow disappear when transferred to the employment context."); *EEOC v. Luce, Forward, Hamilton & Scripps*, 345 F.3d 742, 750-51 (9th Cir. 2003). Here, the parties' agreement applies to "an[y] dispute between [Plaintiff] and [C.R. England] arising out of or related to the employment or the creation or termination of [his] employment, that in any way relate to an asserted violation of state, federal or local law." [Guthrie Decl. Ex. 1.] It therefore covers all of the claims Plaintiff asserts in his Complaint in this action, each of which concerns C.R. England's alleged failure to pay Plaintiff required wages for his work or to provide Plaintiff with supposedly required breaks during his work. *See Perry v. Thomas*, 482 U.S. 483 (1987) employees' agreement to arbitrate "any dispute, claim or controversy" creates an obligation to arbitrate disputes with the employer).

### 3. The Agreement Requires Individual Arbitration

The Supreme Court has held that "[i]n the Federal Arbitration Act, Congress has instructed federal courts to enforce arbitration agreements according to their terms—including terms providing for individualized proceedings." *Epic Sys. Corp.*, 584 U.S. ___, slip op. at 2. Indeed, "a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684, 687 (2010) (emphasis in original); *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (upholding express waiver of class-wide arbitration). Here, far from indicating any assent to class-wide arbitration, the parties' written agreement to arbitrate explicitly

1118453.4/81034.05022   7   Case No. 5:18-cv-00655
*NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION;
MEMORANDUM IN SUPPORT THEREOF*

states that covered disputes "**shall be pursued on an individual opposed to any class wide or representative basis**." [Guthrie Decl. Ex. 1. (emphasis added).] Because Plaintiff "**agree[d] not to pursue any claim as a representative of any group or class**" and "**specifically waive[d] any right to pursue any claims hereunder on a class wide or representative basis**" [*id.*], the Agreement's plain language makes clear that Plaintiff's claims must be arbitrated on an individual basis.

### 4. Further Proceedings Should Be Stayed Pending The Conclusion Of The Individual Arbitration

The FAA provides that "the court … upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3. Accordingly, the Court should stay this action pending the completion of individual arbitration.

## III. CONCLUSION

For the foregoing reasons, C.R. England respectfully requests that the Court grant this Motion and issue an order compelling arbitration of Plaintiff's claims on an individual basis[3] and staying further proceedings pending the completion of individual arbitration.

---

[3] Opt-in Plaintiff Heather Casper's claims must be pursued in a separate individual arbitration for the same reasons. Accordingly, this Court should compel her claims to arbitration on an individual basis as well.

| | | |
|---|---|---|
| 1 | DATED:  June 5, 2018 | THEODORA ORINGHER PC |
| 2 | | |
| 3 | | |
| 4 | | By: _/s/ Seth M. Goldstein_ |
| 5 | | Drew R. Hansen |
| 6 | | Seth M. Goldstein |
| | | Attorneys for C.R. ENGLAND, INC. |

1118453.4/81034.05022

9

Case No. 5:18-cv-00655

*NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION;*
*MEMORANDUM IN SUPPORT THEREOF*